OPINION
This matter presents a timely appeal from a judgment rendered by the Youngstown Municipal Court, Mahoning County, Ohio, finding defendant-appellant, Philip Zell, guilty of driving under suspension, in violation of R.C. 4507.02, and his subsequent sentencing thereon.
On September 22, 1998, officers Anthony Tulipano (Officer Tulipano) and Barry Ervin were patrolling the south side of Youngstown, Ohio, in a high drug trafficking area. (Tr. 4). As the officers patrolled the area they noticed appellant sitting inside of a parked vehicle without the engine running. (Tr. 4, 11). Appellant, a Caucasian male, had a passenger, an African-American male, and such passenger was witnessed entering and exiting the vehicle. (Tr. 5). Appellant did not commit any traffic violations, was legally parked and was not observed in any type of suspicious transaction with his passenger. (Tr. 11-13) However, Officer Tulipano, who had five and a half years of experience as a police officer patrolling this area, believed that appellant and his passenger were engaged in a drug transaction. (Tr. 6).
Officer Tulipano activated the take down and overhead lights of the police vehicle and positioned the vehicle in front of appellant's car, so that appellant could not drive away. (Tr. 14). Appellant and his passenger were then searched and were not found to be in possession of any drugs. (Tr. 15). At some time during the stop, Officer Tulipano asked appellant to furnish his driver's license. (Tr. 6). Appellant gave the officer an identification card and Officer Tulipano ran a check on same only to discover that appellant's driver's license had been suspended. (Tr. 6). Appellant was subsequently charged with driving under suspension.
Appellant filed a motion to suppress the evidence obtained by Officer Tulipano. Appellant argued that such evidence was obtained through an illegal investigatory stop, in violation of his rights under the Fourth Amendment of the United States Constitution. The trial court granted the motion to suppress concerning statements made by appellant to Officer Tulipano, but denied appellant's motion with regards to the information obtained through Officer Tulipano's driver's license check. Appellant then entered a plea of no contest, reserving a right to appeal. Appellant was subsequently found guilty of driving under suspension and the trial court sentenced him to a definite one year incarceration term, with two hundred and seventy five days suspended, fined him $500.00, suspended his license for one year and placed him on two years probation. This appeal followed.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE REGARDING THE STATUS OF HIS DRIVER'S LICENSE."
In Terry v. Ohio (1968), 392 U.S. 1, the United States Supreme Court held that a stop involving a person's freedom to walk is a seizure and is governed by the Fourth Amendment. Therefore, it first must be determined whether Officer Tulipano's stop of appellant, in the present matter, constituted a seizure.
In State v. Taylor (1995), 106 Ohio App.3d 741, 748, the court provided a test used to determine whether a person has been seized, stating, "A person is seized under this category when, in view of all the circumstances surrounding the incident, by means of physical force or show of authority a reasonable person would have believed that he was not free to leave or is compelled to respond to questions."
Contrary to the argument presented by plaintiff-appellee, State of Ohio, that the stop in question was consensual, Officer Tulipano's stop of appellant was a seizure. Warrensville Hts. v.Mollick (1992), 79 Ohio App.3d 494, upon which appellee relies, is distinguished from the case at bar. In Mollick, supra, the person from whom the officer requested the identification was standing next to his vehicle and was not blocked in by the officer. In the case at bar, Officer Tulipano testified that he positioned the police vehicle in a manner which prevented appellant from leaving. Furthermore, the lights of the police vehicle were activated and Officer Tulipano approached appellant in his police uniform. Viewing all of the circumstances surrounding the incident, Officer Tulipano used his authority in a manner which would cause a reasonable person to believe that he was not free to leave and was compelled to answer the officer's questions. Taylor, supra. Therefore, Officer Tulipano's stop of appellant constituted a seizure which was governed by theFourth Amendment.
Since appellant was seized, the next inquiry is whether Officer Tulipano's investigatory stop was justified under theFourth Amendment of the United States Constitution. In Terry, supra at 21, the United States Supreme Court provided the test to determine whether an investigatory stop is justified, stating, "* * * in justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." In State v. Andrews (1991),57 Ohio St.3d 86, the Ohio Supreme Court stated that in applying the test set forth in Terry, supra, a reviewing court must look at the totality of the surrounding circumstances. Absent any evidence of misconduct, a defendant's right to personal security and privacy outweighs public interest in crime prevention. Brownv. Texas (1979), 443 U.S. 47, 52.
Appellee contends that Officer Tulipano had the requisite justification as appellant was in a high drug area, and an African-American male was seen entering and exiting the vehicle. Furthermore, Officer Tulipano testified that he had patrolled this area for over five and a half years, and this behavior was consistent with illegal drug activity. Appellee also argues that Officer Tulipano's intrusion was justified because this case is similar to Mollick, supra, wherein the court found a justified intrusion.
While evidence of a high crime area may be considered in determining whether an officer's stop was justified, the Ohio Supreme Court in State v. Carter (1994), 69 Ohio St.3d 57, held that a high crime area, by itself, was insufficient to justify an investigatory stop. Furthermore, in State v. Parr (1990),67 Ohio App.3d 626, the court held that the mere observation of a defendant in a car was insufficient to justify an intrusion. InState v. Bucci (December 23, 1999), Ashtabula App. No. 98-A-0050, unreported, the officer witnessed one suspect outside of a gas station while the defendant sat in a nearby car. The officer stated that he stopped to question both the suspect and the defendant based upon the fact that the gas station was the target of recent robberies. The court held that the officer's search and seizure had to cease when there was an absence of an indication of illegal activity.
Furthermore, this court in two previous decisions, has indicated which facts are pertinent to finding a justified intrusion and which are not. In State v. Green (Sept. 22, 1995), Mahoning App. No. 93 CA 100, unreported, this court found that a police officer's investigation of a defendant in a high crime area was justified. In Green, supra, the officer was responding as backup to a report of gunfire in a high crime area. When the officer arrived in the area he noticed the defendant walking down the street. The officer stopped and searched the defendant and discovered the defendant had illegal drugs. In holding that the officer's intrusion was justified, this court recognized State v.Bobo (1988), 37 Ohio St.3d 177, wherein the Ohio Supreme Court held that a reviewing court could consider the fact that an area is a high crime area in determining whether an intrusion is justified. This court also recognized Andrews, supra, wherein the Ohio Supreme Court held that a reviewing court could consider the experience of the officer in deciding whether an intrusion is justified.
In State v. Brown (Dec. 18, 1996), Columbiana App. No. 94-C-67, unreported, this court held that the officer's intrusion was not justified. In Brown, supra, the officer noticed a vehicle parked in front of a garage where there had been a prior theft. The defendant was not engaged in any criminal conduct at the time, but the officer investigated the defendant. This court held that such intrusion was not justified because the defendant was merely parked in an area where there had been a previous crime.
In the case at bar, the evidence indicated that appellant's suspended license was discovered from running the identification card and not from running the license plates on the vehicle. In viewing the totality of the surrounding circumstances, it is clear that such intrusion was unjustified. While appellant was located in a high crime area, this fact alone was not enough to establish a justification for an intrusion. Carter, supra.
Officer Tulipano testified that it was unusual for appellant, a caucasian male, to be in a predominantly African-American neighborhood. However, appellant was simply seated in his legally parked vehicle and did not commit any traffic violations as the engine was not running.
It is also recognized that Officer Tulipano testified that appellant's passenger entered and exited the vehicle, which was indicative of an illegal drug transaction. Nonetheless, the passenger's actions were instantaneous and not illegal. The passenger did not enter the nearby house before re-entering the vehicle, and Officer Tulipano did not witness an exchange between appellant and the passenger.
The facts of this case are distinguishable from Green, supra,
as the officer in Green was responding to a report of gunfire, and Officer Tulipano was merely patrolling the area. The present facts resemble the facts of Brown, supra, as appellant was sitting in his car and was not engaged in any criminal activity. Moreover, given that Officer Tulipano did not witness appellant in any misconduct, appellant's right to personal privacy must outweigh the public interest in crime prevention. Brown v. Texas,supra.
Therefore, Officer Tulipano did not have a reasonable justification to search and seize appellant and the trial court erred when it overruled appellant's motion to suppress the evidence obtained by running a check of appellant's identification card.
Appellant's sole assignment of error is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
VUKOVICH, J., WAITE, J., concurs.
APPROVED:
 ____________________________________ EDWARD A. COX, PRESIDING JUDGE